No. 6664.

STATE EX REL JAMES L. COLE vs. JUDGE OF THE FIFTH JUDICIAL DIS-TRICT.

An interlocutory decree, rescinding a former order of the court made at its pre-ceding term, which inflicts no irreparable injury on the complainant, can not be separately appealed from. It must come up when the case is appealed on the merits.

Injury to a party is irreparable, when the final judgment on appeal can not place him where he stood before the interlocutory decree complained of was rendered.

Delay, increased labor, and expense, do not make up a case of irreparable injury.

APPLICATION for writs of mandamus and prohibition.

*George Wailes* and *Barrow & Pope*, for relator.

Respondent, for himself.

The opinion of the court was delivered by

SPENCER, J. L. Grand & Co. instituted two suits against relator, Cole, in the district court of Iberville.

Relator, on the first of August, 1876, filed a motion to have Grand & Co. produce certain books, bills, vouchers, etc., supporting said motion by his oath that he expected to prove by said books, etc., that "the note sued upon is a partnership asset, so far as the same has any exist-ence; that same was given in error and was obtained by fraud and by concealing the true state of the accounts of said partnership; that the errors in the same are so large as to show that no portion of said note was given for a valuable consideration, no part of the amount being due to the said partnership or to said L. Grand & Co." This motion was

granted, and served on L. Grand, ordering the books to be produced on the eighth of August, 1876.

Grand & Co. failed to comply, and on the seventeenth of August relator moved to have the facts stated in his affidavit taken as confessed, which motion was duly served and set down for trial. On the eighteenth of August this motion to take for confessed was tried, and on the twenty-fourth of August the court sustained it and ordered that the facts which relator had sworn to as provable by said books be taken as confessed. Grand & Co. moved for a rehearing of this motion, which was overruled.

At a subsequent term of the court (in April, 1877,) (the defendant herein, Charles McVea, having been in the meanwhile elected judge thereof), Grand & Co. filed a motion *to rescind* the said order taking the said facts for confessed, as also *to rescind another order* which had been rendered, appointing experts and a surveyor, to determine and report upon a partition in kind, demanded by the relator of certain partnership property.

This motion to rescind was sustained, and the order appointing the experts, and the order taking for confessed, were rescinded and set aside. The relator thereupon asked for a suspensive appeal from these orders of rescission, as they were of a character to work him an irreparable injury. The court refused the appeal, and relator applies for a writ of mandamus, and of prohibition against further proceedings, until said appeal is heard.

Two questions are raised and elaborately discussed. First, as to the power and competency of the judge to revise or rescind interlocutory orders and decrees made in a cause at a previous term ; second, as to whether these orders of rescission are such as work or may work relator an irreparable injury.

The first of these questions seems to us identical with the one, whether an order overruling a plea of *res adjudicata* can be appealed from. It is manifest that it can not, for the simple reason that if the plea is good the party may obtain relief on the final appeal. If the judge was without power to try the motion to rescind, by reason of the matters involved being of the nature of the thing adjudged, the question can be presented to this court, when the case comes here for final hearing. The rule is that where a party can get relief from the consequences of an interlocutory order, when the case comes to this court upon its merits, no appeal will lie from such order. We conclude, therefore, that the question as to the power and authority of the judge to rescind the orders in question can not be reviewed by this court until the case is here on final appeal, and until then we can express no opinion upon the subject.

Second—Are the orders rescinding the interlocutory orders of the pre-

State ex rel. Cole vs. Judge Fifth Judicial District.

vious term of a nature to work relator an irreparable injury, and therefore appealable? This is the sole question.

One of the orders rescinded directed that certain facts sworn to by relator be taken for confessed. The other directed the appointment of certain persons as experts to determine and report upon the practicability of a partition in kind of certain property.

Relator contends that these orders of rescission may and will work him an irreparable injury, because—

First—These facts stood in the record, not only proved but confessed, and could not therefore be controverted. The order of rescission destroyed this evidence for relator.

Second—He will be put to useless expenses and costs, and delays in producing and introducing evidence of said confessed facts.

Third—The witnessess by whom the books, etc., might be established, if false or changed entries are produced, or if said books are now suppressed, may no longer exist or be within reach of relator, and thus he be deprived of proof, etc.

We think the correct doctrine on this subject is stated by this court in Hyde vs. Jenkins, 6 La. 427, to the effect that, to entitle a party to an appeal from an interlocutory judgment, it is unnecessary that the injury be absolutely irreparable. It suffices if it be such as would be irreparable by the final judgment. If this final decree can not replace the party in the advantageous position which he occupied before the interlocutory judgment, the injury is irreparable.

Testing the relator's claims by these rules, we think they are not tenable, because—

First—This court on the final hearing of this cause, can and will give the relator the benefit of the imputed confessions, if the order therefor was properly and legally taken. The rescinding order does not destroy the evidence, if illegally rendered, or impair the right to offer it on the trial of the cause. Its legality can be questioned on the final hearing, and this is true of the order as to the experts.

Second—The fact that an interlocutory order may occcasion some delay, and additional labor and expense, is not surely a sufficient ground for an appeal. If so there would be no end of appeals. The overruling a plea to the jurisdiction, or a plea of *res adjudicata*, or the granting an order of continuance, or a commission to take testimony, and many other orders and decrees, occasion delay, expense, and labor, and yet no one pretends that appeals lie from them. More or less delay is the proverbial attribute of the law—expense and labor necessary incidents, which are supposed to be reimbursed and compensated by the party cast.

State ex rel. Cole vs. Judge Fifth Judicial District.

Third—The third reason presented by relator seems to us rather a reason why he ought not to desire an appeal. He says that witnesses, by whom he can prove the facts taken for confessed may die. True, but is not that a cogent reason for taking their testimony as soon as possible, and without waiting for the results of the appeal he is seeking? For that would involve months of delay, thereby iucreasing the chances of death among his witnesses ; and if by any chance the appeal sought should be decided against him, and the "rescinding orders" held to be valid, he would then indeed have suffered an irreparable injury, but that injury would have proceeded from his own act. By denying him the appeal we save him these risks. He is safe in the possession of the confessions in question, if the order taking them was legal. No irreparable injury can therefore result ; at most he will incur some delay and some additional cost and labor, which as we have seen do not afford cause for appeal.

The writs prayed for are refused.