Watkins, J.
The ground of the appellees’ motion is, that the appeal is taken from an interlocutory judgment which is not capable of working an injury to appellants.
The judgment appealed from is of the following tenor, viz:
“This cause having been referred to the notary for instructions, and “ the court being of opinion, as appears by the written reasons on file, “ that the pro jet of settlement and partition proposed by the attorney “ of Mrs. T. W. Bothick, is correct on facts;
“It is therefore ordered, adjudged and decreed that Jos. D. Taylor, “Esq., notary public, be ordered to complete the partition herein in *1865 “ accordance with the pro jet of settlement proposed to him by the attor- “ ney of Mrs. Bothick, according- to law.”
The appeal sought and obtained was suspensive in character, and was predicated upon petition and citation.
The appellants are the heirs.at law of Thomas W. Bothick, and who aver they have an interest opposed to Mrs. Olivia Bothick and other parties in interest.
An examination of the transcript fails to disclose “the written reasons on file,” as stated in the judgment, or interlocutory order that is appealed from, and it, also, fails to disclose the projet of settlement proposed as the basis of the judgment of the court.
It does disclose that the appellants filed a suit against Mrs. Olivia F. Bothick and others, praying for judgment annulling and reducing-certain donations and bringing bafck certain property into the estate of their mother; and for a decree of partition of a number of pieces of real property therein described, and of certain money and movables.
There was a judgment rendered directing- a partition in kind of the cash on hand; that the movables be sold for cash, and the proceeds of same distributed according to law; and that the real estate be sold on terms, one-third or more in cash, and the residue on time.
Some months later, counsel for Mrs. O. T. Bothick obtained upon the heirs at law of T. W. Bothick — appellants here — a rule to show cause, “why the projet of partition presented to Jos. D. Taylor, Esq., “ notary public, by Mrs. O. T. Bothick, should not be adopted by the “ court; and why judgment should not be rendered accordingly.”
That projet is not annexed thereto, and we are not advised of its contents; but it is but reasonable to conclude that same is adverse to the appellants as they prosecute this appeal in order to obtain relief from the interlocutory decree making said rule absolute.
That said order or decree may cause appellants irreparable injury is possibly not apparent on the face of the record, but as an appeal is a remedy that is favored in law, we prefer, in a case of doubt, rather to sustain than deny the right.
The motion to dismiss is denied.