On Merits.
BREAUX, J.
The purpose of Mrs. Caroline Hodding, appellant, is to have a judgment rendered in matter of the succession of Thomas W. Bothick, dated March 22, 1901, and another judgment dated 28th of June, in the same succession, reversed and annulled.
The record shows that Mrs. T. B. Bothick, Mrs. Westmark, and Mrs. Ward are the heirs of the late Mrs. Olivia T. Bothick, late widow of Thomas W. Bothick.
The record further discloses that bn the 24th of January, 1900, Mrs. Caroline Louise Hodding filed a suit against the heirs of Mrs. Olivia T. Bothick, and obtained a judgment against them for an amount due by their sister, Mrs. Olivia T. Bothick, from whom they inherited.
Mrs. Hodding obtained a judgment against them (heirs of Mrs. Bothick) in May, 1900, and under a writ of fi. fa. she seized the two lots of ground on Dorgenois street, in this city, which had been donated by T. W. Bothick to his wife, Mrs. Olivia T. Bothick, *114 They were sold under this seizure, and brought the sum of $1,400.
The creditor, Mrs. Hoddiug, also seized, in the hands of the clerk of court, the sum of $669.74, and in the hands of Joseph D. Taylor the sum of $507.95, making total under seizure $2,577.69, which appellant says belonged to the heirs of Mrs. Olivia T. Bothiek, and now subject to her claim as creditor holding under seizure as before mentioned.
Thereafter a rule was filed by all the heirs of Thomas- W. Bothiek, late husband of Olivia T. Bothiek, except two, suggesting that there were funds in the registry of the court to which they laid claim, and asking that the funds be paid to them.
They alleged in this rule that notice of seizure “has been served upon the clerk of this court, and upon J. D. Taylor, purporting to seize the interest of the late Mrs. Olivia T. Bothiek in this fund.”
Mrs. Hodding was made party defendant to this rule.
It was heard and decided by our Brother of the district court, holding that funds deposited in the registry of the court, and in the hands of Jos. D. Taylor, notary public, “be and they are hereby ordered to be paid to movers above named”; the Orleans Manufacturing Company and Joseph D. Taylor to proceed against the succession of Mrs. Olivia T. Bothiek to urge their claims, to insert an excerpt from the order, “and thereby reserving that right.” Nothing is said in this order about the claim of Mrs. Hodding.
To go back a little in the history of this interminable litigation: On the 21st of March, 1901 (after the decision in Succession of Thomas W. Bothick, 52 La. Ann. 1863, 28 South. 458), without making Mrs. Hodding, creditor, who had seized the interest of the heirs of Olivia T. Bothick, a party, a judgment was' rendered on a rule, previously filed, ordering that the property donated to Mrs. Olivia Bothick, known as the “Dorgenois street property,” in the square bounded by Canal, Customhouse, and Broad streets, “be ordered to be sold by a named auctioneer and the funds deposited; and directed that the proceeds be deposited in court; and that out of the proceeds to the credit of the funds deposited, the plaintiff in rule be paid the sum of one hundred and forty-two «5/ioo dollars; that certain tombs be recognized as the property of the plaintiff in rule represented by Dart and Lewis.”
It was further ordered, that after the payment of counsel’s fee due on the amount allotted to Mrs. Olivia T. Bothiek by the heirs of Mrs. Olivia T. Bothiek, that the balance “of her said portion be turned over to the heirs of Mrs. Olivia T. Bothiek in the proportion of one-third each.”
“It is further ordered that the amount above paid to the plaintiff (in this trial) is in full satisfaction of any and all claims and rights which they have or might have against the succession of T. W. Bothiek, or against the late widow of T. W. Bothiek and her heirs.”
The same day that this Judgment was signed, the court ordered the clerk to pay to the plaintiff in rule the fund deposited, up to the sum of $1,000 and costs of the partition proceedings herein; “and, if the fund in hand is not sufficient to make up said amount, then that the remainder or difference between the amount paid by the clerk and said sum of one thousand dollars and costs be paid to the movers by J. D. Taylor, notary public.”
The two heirs of T. W. Bothiek not made parties, viz., William H. Bothiek and Mrs. Widow John Waters, appealed from the judgment on rule in question, on the ground that it was an attempt on the part of their coheirs to shut them out from all benefit in the succession of T. W. Bothiek.
On appeal, the judgment rendered on the rule was annulled, and the case was remanded to be tried. Succession of Thomas W. Bothick, No. 14,351, 33 South. 47, 109 La. 1.
Returning to the last judgment rendered, of June, 1901, the second judgment in the same succession from which appellant appealed, both judgments are before us for review. In his ruling, the judge of the district court held that the defendants in rule were not parties to the judgment of March preceding, and that, in consequence, it could have no effect against them, and for that reason the court reserved, in the second judgment, their right against the succession of Olivia T. Bothiek as before mentioned.
Our esteemed Brother of the district court, regarding the judgment of March 21, 1901, stated:
“The court is called upon by counsel to *116 state whether or not that judgment was rendered by the court without the submission of evidence to it, as ordinarily. In response to this inquiry, the court now states that no evidence was submitted to the court; that no reading of the pleadings were had in open court; and that counsel stated that the judgment had been agreed upon by them. The couft understanding this to be the case, merely directed the entry'and authentication of the judgment, understanding that was the judgment by consent of parties.”
It follows that the foregoing is a mere' consent judgment, binding no one except the parties thereto.
The complaint of Mrs. Hodding is that she was not a party to this judgment, that is, the first judgment referred to above, March, 3901; that it was rendered with consent of parties not named, without any evidence or proof before the court, and that it can have no effect as between others not parties; and that the second judgment, that of June, 1901, is equally as null, because it did not pass upon the right of parties in interest.
The main contention of appellees, the heirs of T. W. Bothick, in opposition to appellant, is that Mrs. Hodding will get nothing in the end; that Mrs. Olivia T. Bothick is entitled to one-third of gross amount — stated as $3,-796.23 — equal to $1,265.57.
Her succession is charged with.....$1,650 00
Dorgenois property............... 1,400 00
Magazine street lot................ 900 00
Whole amount due by this succession ..................... $3,950 00
Donation before mentioned to which she is entitled when reduced...... 1,265 57
$2,684 43
Leaving the succession indebted to the succession of T. W. Bothick in that sum.
From this point of view, if these figures be correct, it is manifest that the seizing creditor would not be entitled to anything. ’
Ruling.
Appellant, from the two judgments, one of March, 1901, and the other of June of that year, urges that she has an interest in the result of the litigation, and, in consequence, the right to appeal.
Our attention is called by her counsel to the Code of Practice, art. 571, which gives, the right of appeal to persons not parties when they allege they are aggrieved by the judgment appealed from.
Her contention is that she is prejudiced, because under a fieri facias she had seized the interest of her debtors, as before stated, in the succession of Mrs. Olivia T. Bothick, widow of T. W. Bothick; that these funds could not be decreased -without making her a party, as they were funds to a portion of which she is entitled; in other words, that they are in gremio legis at her instance, and that they cannot be touched without notice to her.
The interests between the succession of T. W. Bothick arid of the widow, who survived him for some time, are so intermingled that it will be necessary (contradictorily with the heirs of the one and of the other) to establish the right of each.
True, Mrs. Hodding cannot reduce the amount coming to the heirs of T. W. Bothick, but a partition is necessary between the two in order to determine with some degree of certainty how much is coming to each.
Whatever may be the amount to which the heirs of Olivia T. Bothick are entitled, it will have to be paid to Mrs. Hodding to the extent of her interest.
We deem it best to set aside these judgments and remand the case.
If the figures of counsel mentioned in the statement of facts are correct, it will dispose of the suit in short order; if not, they may serve to calculate from in arriving at a conclusion. We would take them up at this time were it not that the testimony does not seem to have been directed to all these different items, and were it not in addition that, in our view, the issues should be tried in the district court contradictorily with .all parties concerned.
W'hile not attaching blame, we ■ must say that, if the litigation is not brought to an end at an early date, the succession will be settled by a force majeure. There will be nothing left about which to litigate.
It is therefore ordered, adjudged, and decreed that the judgment signed on the 22d day of March, 1901, and the order to the clerk signed the same day, also the judgment in June of the same year, in this case, are *118 annulled, avoided, and reversed, and the suit is remanded to the district court to be tried.
Costs of appeal to be paid by appellees.
Those of the lower court to await the final determination in the suit.