(35 South. 918.)

No. 15,111.

DRAINAGE COMMISSION OF NEW ORLEANS v. CHARLES F. COLLOM & CO. et al.

(Feb. 1, 1904.)

APPEAL—INTERLOCUTORY ORDER—DEPOSITIONS.

1. No appeal lies from an interlocutory order dismissing a rule taken by defendants on plaintiff to return into court a deposition in the possession of a nonresident commissioner.

2. The injury that may result from the ruling is not irreparable. State ex rel. Cole v. Judge, 29 La. Ann. 803. Defendants may obtain the deposition on paying charges for executing same, and, failing in this, certainly have the legal right to take the deposition of the witness.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by the Drainage Commission of New Orleans against Charles F. Collom & Co. and others. From an order dismissing a rule to show cause, defendants appeal. Dismissed.

Solomon Wolff, for appellants. Omer Villeré, for appellee.

On Motion to Dismiss Appeal.

LAND, J. Counsel for plaintiff, on April 16, 1902, obtained an order for a commission to take the testimony of several nonresident witnesses, among them one W. L. Marshall, of the city of New York, and the court allowed 20 days for the return of the commission.

On September 6, 1903—nearly 17 months afterwards—defendants filed a rule on plaintiff to show cause why the said commission should not be returned to the court, alleging that the witness had answered all the interrogations to him propounded, and that the plaintiff has the same in his possession.

After hearing the evidence, the court dismissed the rule. From this ruling the defendants have appealed, and plaintiff has moved the court to dismiss the appeal on the ground that the order is interlocutory, and will not cause appellants irreparable injury.

In State ex rel. James L. Cole v. Judge, etc., 29 La. Ann. 803, this court said: "We think the correct doctrine on this subject is stated by this court in Hyde v. Jenkins, 6 La. 427, to the effect that, to entitle a party to an appeal from an interlocutory judgment, it is unnecessary that the injury be absolutely irreparable. It suffices if it be such as would be irreparable by the final judgment. If this final decree cannot replace the party in the advantageous position he occupied before the interlocutory judgment, the injury is irreparable."

If we should find, on appeal from the final

judgment, that the judge a quo erred in dismissing the rule, we can and will reverse his ruling, and grant the order prayed for. The district judge found that the deposition was not in possession of plaintiff, but of the notary in New York, who held it by order of plaintiff's counsel. It was suggested that defendants could procure the deposition by praying the costs of executing the commission. It is, however, evident that defendants can make the witness their own, and take his deposition in their own behalf.

If appeals were permitted from rulings on motions to produce and similar interlocutory orders, "there would be no end of appeals." State ex rel. Cole v. Judge, 29 La. Ann. 803. Defendants say in their brief that they will be irreparably injured "if they are forced to trial before the deposition is returned to court." The consequences feared by defendants are reparable, as there can be no question that an order refusing a continuance is reviewable on appeal from the final judgment in the suit.

It is therefore ordered, adjudged, and decreed that the appeal taken herein by defendants be dismissed, at their cost.