## PRESSNER v. WHITE BROTHERS COMPANY

———

(December 12, 1927. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Execution—Par. 197, 199.**

A judgment creditor who seizes the property of a third person is liable in damages. The circumstances under which the seizure is made may serve in mitigation.

Appeal from the First City Court, Division "B". Hon. Val. J. Stentz, Judge.

Action by Jake Pressner against White Brothers Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

L. Levitan, of New Orleans, attorney for plaintiff, appellee.

Frank S. Norma; Norma, Breckwaldt & Schwartz of New Orleans, attorneys for defendant and appellant.

WESTERFIELD, J. This is a suit for damages resulting from the unlawful seizure of plaintiff's household goods. Judgment was awarded plaintiff in the sum of $25.00 and defendant has appealed.

Plaintiff answers requesting an increase of the award.

Defendant obtained a judgment against Bennie Pressner in the First City Court for a balance due on merchandise purchased. Bennie Pressner resided with his

father, Jake Pressner, at No. 1814 Melpomene street. Defendant caused a fi. fa. to issue and placed a keeper upon the premises. In the afternoon of the same day upon advice of counsel Jake Pressner made the necessary affidavit and after some delay the keeper was discharged and the seizure released.

No effort is made to justify the seizure but good faith is claimed, upon the ground that the son deceived the defendant as to his resources and ownership of a battery business at that locality, and also because both father and son lived in the same house.

Whatever may have been the difficulties which the defendant encountered, in his effort to collect the son's debt, and no matter how the son regarded his obligations, the father was not the judgment debtor and his property could not be seized for his son's debt. A more careful investigation of the son's financial standing and moral responsibility might have revealed him, as an undesirable credit hazard, and more care in executing the judgment would have relieved plaintiff of the vexation of an illegal seizure.

In Connell vs. Bernhardt Paint Co., 6th La. App. 862 (163 La. 587, 112 South. 495), we held the sheriff liable in damages for a similar seizure, though he acted upon advice and instruction of the counsel of the judgment debtor. There could be no question of bad faith there, nevertheless, we held, in consonance with the jurisprudence, "The sheriff, however, must know that the property seized is the property of the debtor and he takes the property of third persons at his peril". In the cited case the judgment debtor's name was John R. Connell and the furniture seized was on the premises occupied by the judgment debtor, but belonged to his father

whose name was John P. J. Connell. Concerning these circumstances we said: "The similarity of the names of father and son and the fact that the furniture was found in the premises occupied by the debtor are circumstances, which though they do not excuse must be considered in mitigation of the conduct of the defendant."

In this case we think the amount allowed by the judgment too small and will increase it to $100.00. We are aware that other cases may be cited in which we have awarded larger sums under apparently similar conditions, but each case must be determined by its special circumstances.

For the reasons assigned the judgment appealed from is amended by increasing the award from $25.00 to $100.00 and in all other respects it is affirmed.