No.———

First Circuit

PHILIP WERLEIN, LTD., v. SALLIS

(February 15, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Sales—Par. 1, 9, 14, 15.

Where there was a price fixed between the parties and a mutual consent for the thing sold beside actual delivery made and installments paid by the purchaser, there is a sale under Civil Code, Article 2439.

2. Louisiana Digest—Sales—Par. 49, 62.

An agreement in a contract of sale that the purchaser cannot remove the thing purchased without the written consent of the seller is merely a stipulation to secure payment for the credit portion of the purchase price for which the seller had a vendor's lien.

3. Louisiana Digest—Sales—Par. 1, 49, 62.

The stipulations of a contract providing that in case of default of payment by purchaser or in case of fire, storm or otherwise, or in case of removal of the thing purchased from the premises, the whole amount of the purchase price would be considered due, are not repugnant to a contract of sale.

4. Louisiana Digest—Sales—Par. 1, 4, 12.

When a contract is made, the law governs its results and the parties to it cannot control its legal effects. Therefore, where a contract of sale is made and the "vendor" is referred to as "lessee", the contract is one of sale, nevertheless.

5. Louisiana Digest—Sales—Par. 49.

Under Article 1764 of the Civil Code, accidental stipulations cannot destroy the primary obligation which devolved upon the purchaser of a piano.

6. Louisiana Digest—Sales—Par. 225, 232, 243.

Where the evidence clearly shows that a piano sold was not defective but merely needed slight repairs, there is no redhibitory defect to cause the rescission of the sale.

7. Louisiana Digest—Sales—Par. 4.

Under Art. No. 620 of 1877, a contract partaking of the nature of a sale and lease both, is considered as a sale pure and simple.

Appeal from the Parish of St. Tammany. Hon. Prentiss Carter, Judge.

Action by Philip Werlein, Ltd., against M. A. Sallis.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

L. V. Cooley, of Slidell; W. L. Barnett, of New Orleans, attorneys for plaintiff, appellee.

S. W. Provensal, of Slidell, attorney for defendant, appellant.

LECHE, J., concurs for written reasons.

MOUTON, J. Defendant entered into the following contract with plaintiff company in reference to a rebuilt Wurlitzer piano:

"New Orleans, La., December 1st, 1924. "I promise to pay to the order of Philip Werlein, Ltd., Seven Hundred and Fifty ($750.00) Dollars with six per cent per annum interest from date until paid, as follows; Cash, $25.00; on installation, $75.00; balance, $27.00; on or before the 20th day of each and every month after the date hereof, in advance from January 20, 1925, being balance of purchase price of rebuilt Wutlitzer. Signed, Owl Restaurant, M. A. Sallis, proprietor."

A detachable agreement attached to the foregoing appears in the words following:

"New Orleans, La., December 1st, 1924. "I hereby acknowledge to have received in good order from Philip Werlein, Ltd., a rebuilt Wurlitzer made by Rudolph Wurlitzer Company, numbered 26888 with two rolls.

"I agree not to remove said instrument from the premises known as Owl Restaurant, Slidell, La., without the written consent of Philip Werlein, Ltd., except in case of fire and I will be responsible for all loss or damage that may accrue to said instrument while in my possession.

"I agree to return this instrument upon written demand at any time I have failed to make any payment when due, all payments that may have been made being considered as rent and for wear and tear of instrument.

"I do hereby agree that in case of default of any payment, or in case of total or partial destruction by fire, storm or otherwise, or in case of removal of said instrument from the premises occupied without the written consent of vendor or in case I shall default in my rent for the premises occupied by me, the whole amount will be considered due and exigible and in case it shall become necessary to institute legal proceedings for the recovery of the amount due, the said lessee binds himself to pay the fees of the attorney-at-law who may be employed for that purpose, which fees are hereby fixed at five per cent on the amount sued for. Insurance taken out by said purchaser on said instrument or on his household furniture in case of loss is hereby assigned to Philip Werlein, Ltd., all indebtedness out of any loss or damage incurred.

"There is no agreement to keep this instrument in tune. No agreement other than those embodied in the contract in all its parts including the subjoined agreement to sell will be recognized.

"(Signed)

"OWL RESTAURANT,
"M. A. Sallis, Prop."

It may be proper to remark here that a contract in the form of a promise to sell but without any agreement to buy, is subjoined to the foregoing contract. This promise is not signed by either plaintiff or defendant, and is therefore not a factor in the determination of this suit.

The proof shows that the piano was placed in defendant's restaurant where it was used for many months; that installments were paid at different times, reducing the claim from $750.00 to a balance of $387.83, for the collection of which this suit was brought, and the piano was seized under a writ of sequestration. The defense is two-fold.

(a) That there was no sale but an option to purchase and that defendant having reserved the right to return the instrument is not liable for the purchase price.

(b) That the piano had latent or redhibitory defects.

It clearly appears from the contract hereinabove reproduced that defendant agreed to the price of $750.00 for the piano, paid $25.00 cash, and promised to pay the credit portion of monthly installments, which, in the obligation he executed in favor of plaintiff company, he termed the balance on the purchase price. As hereinabove remarked, delivery of the piano was made, and in fact several of the installments were paid. It is evident under the promissory obligation thus executed by defendant in favor of the plaintiff company, that there was a price fixed between the par-

ties, and a mutual consent for the thing sold. These three essential circumstances concurred to the perfection of the contract, and made it one of sale. C. C. 2439. In addition thereto, was the delivery of the piano and payment of the deferred installments on the credit portion of the price.

In the detachable agreement which is copied hereinabove, the defendant agrees not to remove the piano from the premises without the written consent of the plaintiff. In a contract of sale, the vendor has by the nature of the contract, a vendor's lien to secure the payment of the credit portion of the purchase price and independently of this privilege, a right of action for the dissolution of the sale, if the buyer does not pay the price. C. C. 2561; Sutton vs. Mock, 18 La. Ann. 598; LeBourgeois vs. LeBourgeois, 23 La. Ann. 757. In making the stipulation that the piano could not be removed from the premises without its written consent, plaintiff was merely providing by agreement for the protection of his lien in case defendant defaulted in the payment of the price. In another part of this detachable agreement, is the following clause:

"I agree to return this instrument upon written demand at any time after I have failed to make payments when due, all payments that may have been made being considered as rent and for wear and tear of instrument."

It is obvious that the written demand for the return of the piano provided for in that clause of the contract has reference to the plaintiff, and certainly not to defendant. It cannot possibly have reference to defendant as it cannot possibly be contended that he could make a written demand on himself to return the piano. As it is impossible to so construe that clause of the contract, there is no merit in the contention of the defendant that it had

an option to purchase, and was not liable for the purchase price because he had "reserved the right to return the instrument."

In connection with our discussion of that clause in the detachable agreement it is proper to consider Article 2045 Civil Code, which confers on the vendor the right to dissolve the sale under the resolutory condition. In case the vendee does not comply with his engagement to pay the price, the sale may be dissolved by the vendor, but when it is dissolved under a proceeding of that character, he must restore to the vendee what he has received on the price. It was evidently for the purpose of avoiding the necessity of resorting to such a proceeding to annul the sale, and to escape the obligation of restoring the amounts it had received, that plaintiff company inserted that clause in the contract, which provided for the return of the piano upon written demand, with the stipulation that all payments made to the plaintiff would be considered "as rent and for wear and tear of the instrument."

The other stipulations in the detachable agreement which are pertinent to the subject under discussion are, that in case of default of any payment, or in case of total or partial destruction by fire, storm or otherwise, or in case of removal of said instrument from the premises occupied, without the written consent of vendor, or in case the defendant defaulted in his rent of the premises, the whole amount of the purchase price would be considered due and exigible. There is nothing in these stipulations, which are, in our opinion, repugnant to a contract of sale, or which could be destructive of the obligations arising thereunder. It is true that following these stipulations it is said in the agreement that the collection of the whole amount which may become due and exigible shall be placed in the hands of an attor-

ney, and in referring to defendant the following language is used: "the said lessee binds himself to pay the attorney-at-law, etc." The defendant is here termed a "lessee" but just prior thereto he is called a "vendor." Immediately after the use of the word "lessee" it is provided in the agreement that if insurance be taken out by said "purchaser" on said instrument, and in case of loss, the amount is assigned to plaintiff to "secure the purchase price." In these stipulations, defendant, it is true, is referred to as the lessee, but the reference to him as "purchaser" and the stipulation that the insurance money in case of loss. of the piano should go to the plaintiff to secure the "purchase price," makes it quite clear that plaintiff was correctly referred to as the "vendor" as he appears to be clearly designated in the promissory obligation of defendant, in which he agreed to the purchase price, paid a cash amount, and bound himself to pay the balance in monthly installments, and actually paid about half of the stipulated price. This agreement by defendant in his promissory obligation had fixed legal essentials, which made the contract one of sale. When a contract is made the law governs its results, and the parties to it cannot control its legal effects. Cooley vs. Broad, 29 La. Ann. 345; Adams Mack Co. vs. Newman, 107 La. 702, 32 So. 38. The stipulations which were inserted in the detachable agreement did not affect the essence of the contract by which it was characterized as a contract of sale, and could not control its legal effects which were controlled by law. These stipulations were in the nature of accidental stipulations, and as such, permissible, but could not destroy the primary obligations which devolved upon defendant as a purchaser of the instrument. C. C. 1764.

The other defense is that the sale should be avoided on account of the latent or redhibitory defects of the thing sold.

The defendant, and his son, aged 17, testified to their dissatisfaction with the piano. The boy attempted to fix it or remedy what he conceived to be the trouble, but without success. The proof shows he has no technical knowledge which qualified him to remedy defects in musical instruments. His attempt to remedy what he conceived to be the trouble might have been more detrimental in its results than beneficial to the piano. Lawrence, a man qualified in the business of repairing and rebuilding pianos and pipe organs, testified in the case. He examined the electric piano and found that it needed re-winding and the softening of its tones. He discovered no defects in the instrument. He repaired or reinstated the shaft in the piano which he found had been worn out in the course of time. There is nothing in the record which militates against the truthfulness of the statement made by that witness, which shows that there was no latent defect or redhibitory vice to authorize the avoidance of the sale of the piano. Plaintiff is therefore entitled to the payment of the balance due on its purchase price, as was decreed below.

———

LECHE, J. Concurring:

The contract in this case evidences a sale pure and simple. In a sale the vendor transfers the ownership to the purchaser. C. C. 2439. Ownership implies the right to use, to enjoy and to dispose of one's property in the most unlimited manner. C. C. 491. It therefore follows as a necessary corollary that one cannot sell or transfer the ownership of a thing and thereafter continue to exercise dominion over it, for that is inconsistent with a contract of sale, in which the purchaser ac-

quires the right to use, to enjoy and to dispose of in the most unlimited manner. To acquire the possession of a thing in order to use it and enjoy it, without the right to dispose of it in the most unlimited manner, is in the nature of a contract of a lease, or a contract of usufruct.

A hybrid contract partaking both of the nature of a sale and of a lease, in which the transferrer can hold the transferee liable for the price of the thing and at the same time retain the ownership of the thing in himself as security for the price, is impossible in this State. The legislature, by Act 62, p. 102, of the acts of the Extra Session of 1877, so recognized, and it provided that such a contract should be considered as a sale pure and simple. See Forsman vs. Maee, 111 La. 28, 35 So. 372; State ex rel Bulkley vs. Whited & Wheless, 104 La. 125, 28 So. 922. See also Barber Asphalt Paving Co. vs. St. Louis Cypress Co., 121 La. 152, 46 So. 193.

Whatever stipulations there may be in the contract in this case, which restrict the right of defendant in the use, enjoyment and right to dispose of the thing, a Wurlitzer instrument, should not therefore be considered as converting the contract into one of lease, but should be ignored and considered as not written. If plaintiff had attempted to enforce any such stipulation, a different case would be presented, but it has only exercised its right as a vendor, and in so doing, treats as it may lawfully do, the contract as one of sale.

I concur in the decree.