## HARRY B. LOEB PIANO CO. v. KESSLER

———

(January 11, 1932.   Opinion and Decree.)
(January 25, 1932.   Rehearing Refused.)

———

Deutsch & Kerrigan and Bert Flanders, Jr., of New Orleans, attorneys for plaintiff, appellee.

Prowell, McBride & Ray and Welton P. Mouton, of New Orleans, attorneys for defendant, appellant.

492

## ON MOTION TO DISMISS

WESTERFIELD, J. Plaintiff and appellee moves to dismiss this appeal upon the ground that no appeal lies from a judgment referring a rule to dissolve a writ of sequestration to the merits, and upon the further ground that the judgment appealed from is interlocutory and irreparable injury is not alleged in the motion of appeal.

It appears from the record that plaintiff, claiming to be the owner of a certain R. C. A. radio of the value of $200, caused the instrument to be sequestered in the hands of the defendant, John Kessler. The ownership of the radio is based upon an instrument in writing purporting to lease the radio to Mrs. Margaret Kessler, defendant's mother. Mrs. Kessler intervened, alleging that she was the owner of the radio upon the ground that the alleged lease of the instrument was, in reality, a sale. The defendant, John Kessler, moved to dissolve the sequestration on the ground that the plaintiff's petition disclosed no cause or right of action, and asked for $50 as attorney's fees.

The trial judge referred the rule to dissolve to the merits. It is from this judgment that this appeal was prosecuted.

In the old case of Debaillon v. Ponsony, 5 Mart. (N. S.) 42, it was held that an appeal would lie "from a refusal of the judge a quo to set aside a writ of sequestration." Lecesne v. Cottin, 10 Mart (O. S.) 174.

"* * * To entitle a party to an appeal from an interlocutory judgment, it is unnecessary that the injury be absolutely irreparable. It suffices that it may become irreparable by the final judgment or action of the Supreme Court on that judgment." Katz & Barnett v. Sorsby, 34 La. Ann. 588.

"We think the correct doctrine on this subject is stated by this court in Hyde v. Jenkins, 6 La. 427, to the effect that, to entitle a party to an appeal from an interlocutory judgment, it is unnecessary that the injury be absolutely irreparable. * * * If this final decree can not replace the party in the advantageous position which he occupied before the interlocutory judgment, the injury is irreparable." State ex rel. Cole v. Judge of Fifth Judicial District, 29 La. Ann. 803.

"That said order or decree may cause appellants irreparable injury is possibly not apparent on the face of the record, but, as an appeal is a remedy that is favored in law, we prefer in a case of doubt, rather to sustain than deny the right." Succession of Bothick, 52 La. Ann. 1863, 1865, 28 So. 458, 459.

The cases cited appear to us clearly to warrant our refusal to dismiss the appeal, but, were we in doubt, the appeal should be maintained, because of the favor with which the law regards appeals.

For the reasons assigned, the motion to dismiss the appeal is denied.