398

.HARRY B. LOEB PIANO CO. v. KESSLER.

No. 14043.

Court of Appeal of Louisiana. Orleans.

May 2, 1932.

Rehearing Denied May 16, 1932.

Prowell, McBride & Ray and Welton P. Mouton, all of New Orleans, for appellant.

Deutsch & Kerrigan and Bert Flanders, Jr., all of New Orleans, for appellee.

WESTERFIELD, J.

Plaintiff sequestered a certain RCA radio in the hands of defendant, John Kessler. Mrs. Margaret Kessler, defendant's mother, intervened alleging that she was the owner of the radio, whereupon John Kessler moved to dissolve the sequestration on the ground that plaintiff's petition disclosed no cause or right of action and asked for $50 as attorney's fees.

From a judgment referring the rule to dissolve to the merits, this appeal was prosecuted.

A motion to dismiss the appeal was heretofore denied by us. Harry B. Loeb Piano Co. v. Kessler, 18 La. App. 491, 138 So. 915. The question now before us is the propriety of the action of the court in refusing to dissolve the sequestration.

The alleged ground upon which the writ of sequestration issued in this case was the ownership of the radio, and there was attached to the petition of plaintiff a written agreement, styled "a lease," whereby plaintiff purported to lease to Mrs. Margaret Kessler, defendant's mother, the radio in question, "in consideration of the sum of $101.00, allowance for $76, for Phono, and $25.00 cash on the signing hereof, receipt of which is hereby acknowledged."

The instrument further provides:

"Lessee is hereby given the right, privilege and option of renewing this lease at its termination and/or at the termination of any extension thereof, for a period of one month at a rental of $13.00 payable monthly beginning July 7th, 1930.

"Should the lessee fail to return the property herein leased at the termination of this lease or of any extension thereof, it shall be understood:

"(A) As an exercise on lessee's part, of the privilege to renew the lease for an additional term of one month, and he shall be liable to pay rent therefor at the rate hereinabove fixed; or

"(B) As an exercise on lessee's part, of the privileges of purchasing the said property as set forth in the following paragraph, lessee to become liable for the full amount of the said purchase price at once; at the option of the lessor.

"Lessee is hereby given the right, privilege and option of purchasing said property at any time during the term of this lease or of any extension thereof by paying the lessor the sum of $316.00 and in the event that the lessee exercises this option and purchases the said property, all payments made as rent shall be credited against the purchase price, and the balance shall be paid in cash by the lessee."

The basis of the exception of no cause of action consists in a denial of the fact of ownership of the radio upon the ground that the so-called lease is in reality a sale. Counsel for plaintiff in answer to this contention says:

First, that defendant could not raise the issue of ownership because that question is personal to Mrs. Kessler, citing in support of this position the case of Carney v. Security Credit Corporation, 172 La. 911, 135 So. 915. In the cited case the question of the verity of the averment upon which the writ issued (an attachment in that case) was not at issue, and the defense sought to be availed of did not involve the right of the plaintiff to cause the writ to issue. In the case before us the ground upon which the writ issued was the alleged ownership of the radio, and without any specific reference to that fact on the part of the defendant it was incumbent upon plaintiff to prove its right to have the writ issued.

The second point made by the plaintiff is that the contract in question is not a sale by a lease, citing in this connection the case of Byrd v. Cooper, 166 La. 402, 117 So. 441, 442, where it was held:

"A contract by which a party binds himself to pay in installments a certain sum for the use of a thing, with the privilege of becoming the owner thereof upon paying a further sum, for which, however, he has not bound himself absolutely, is simply a lease with an option to purchase, and is not a sale."

It is our opinion that the contract before us in this case is not of the character considered in the Byrd Case and seems to us to be plainly a disguised sale. In fact, it was so regarded by the plaintiff itself, because there is attached to the petition in this case a statement of account in which Mrs. Kessler is charged with the full amount and credited with her monthly payments, showing the balance due by Mrs. Kessler to be $75.75.

We are satisfied that the case comes within the authority of Barber Asphalt Paving Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193; Grapico Bottling Works v. Liquid Carbonic Co., 163 La. 1057, 113 So. 454; Graham Glass Co. v. Nu Grape Bottling Co., 164 La. 1106, 115 So. 285; and Philip Werlein, Ltd., v. Sallis, 8 La. App. 61. The doctrine

of these cases is stated in the following quotation from the Werlein Case:

"A hybrid contract partaking both of the nature of a sale and of a lease, in which the transferrer can hold the transferee liable for the price of the thing and at the same time retain the ownership of the thing in himself as security for the price, is impossible in this State. The legislature, by Act 62, p. 102, of the acts of the Extra Session of 1877, so recognized, and it provided that such a contract should be considered as a sale pure and simple. See Forsman v. Mace, 111 La. 28, 35 So. 372; State ex rel. Bulkley v. Whited & Wheless, 104 La. 125, 28 So. 922. See also Barber Asphalt Paving Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193."

Our conclusion is that the writ of sequestration should have been dissolved.

Upon the question of attorney's fees it does not seem that the amount demanded is excessive. Our attention is called to the fact that only such attorney's fees as may be due for such services as are involved in the actual dissolution of the writ may be allowed, but with this restriction in mind, we do not think the sum of $50 excessive.

It is therefore ordered, adjudged, and decreed that the judgment of the First city court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed that the writ of sequestration be set aside and the property seized under it be released, that the cause be remanded to be proceeded in according to law, and that the appellee pay the cost of this appeal.

It is further ordered that $50 as attorney's fees be taxed in favor of defendant and appellant.

Reversed and remanded.