For the reasons assigned, the judgment appealed from is annulled, and plaintiffs' demands are rejected at their cost.

## KESSLER v. HARRY B. LOEB PIANO CO., Inc.

### No. 14494.

Court of Appeal of Louisiana. Orleans.
Jan. 15, 1934.

Deutsch & Kerrigan & Burke, of New Orleans, for appellant.

Prowell, McBride & Ray, of New Orleans, Welton P. Mouton, of Lafayette, and Leon Sarpy, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff, who purchased a radio from the defendant, brought this action to recover the sum of $300, $132 for the illegal and malicious seizure of the radio by the defendant, and $168 representing payments made on account of the purchase price of the machine, alleging that the sale should be rescinded and annulled on the ground of misrepresentation and fraud because the radio was represented and sold to her as a new machine, when, as a matter of fact and truth, it was a used one.

Defendant admitted the sale and the payment of $168, and that the radio had been seized, but denied that the instrument was a used one, and in reconvention claimed the balance of the purchase price of $72 and also $3.75 for certain repairs.

There was judgment in favor of the plaintiff, as prayed for, and dismissing the reconventional demand. Defendant has appealed.

On June 7, 1930, plaintiff purchased a Victor combination radio R. E. 45, No. 105100, from the defendant, which is a dealer in musical instruments, for the price and sum of $240, payable in installments of $13 per month. She paid on account thereof $168, leaving a balance of $72. Plaintiff was living with her son, John Kessler, and the defendant brought a suit against him, claiming ownership of the instrument, and sequestered it. We held that the writ had improvidently and illegally issued and dissolved it, awarding attorney's fees to him. Harry B. Loeb Piano Co. v. John Kessler, 18 La. App. 491, 138 So. 915; Id. (La. App.) 140 So. 398. Therefore there is no question that the defendant is liable for damages for the illegal seizure of the instrument, the remaining issue being the quantum.

The evidence shows that a representative of the defendant, in company with an associate, a deputy constable, and a uniformed policeman, went to the home of the plaintiff, and, as a result of their sudden appearance for the purpose of seizing the radio, the plaintiff fainted and was confined to her bed from resulting nervous shock for about a month. She claimed only $132, which was granted to her. This sum is in keeping with the usual amount allowed for an illegal seizure made in good faith. In the case of Pressner v. White Bros., 7 La. App. 603, this court awarded $100 for an illegal seizure made in good faith when there were mitigating circumstances. We conclude that $132 is not excessive.

The only evidence to sustain the plaintiff's position that the radio was a used one, or a demonstrator, is the testimony of Edward P. Rodriguez, who was regularly employed as an automobile salesman, but who occasionally sold a radio for the defendant's account on a 10 per cent. commission basis. He states that he had the machine in question delivered at the home of a prospect in St. Bernard parish, where it remained for two days and two nights on trial; that the party decided not to purchase it, and that he caused it to be brought back to the defendant's place of business, polished, and then delivered to plaintiff's home for demonstration; that on the second night after it was there he closed the sale with the plaintiff; that two or three days thereafter plaintiff's son, John Kessler, met him and asked him if the radio was not a used one or a demonstrator; that he admitted that he had imposed upon the plaintiff, as the instrument was a used one or demonstrator; that Kessler then requested him to have the company deliver a new one in place of the one in question and he promised to do so; that the witness took the matter up with Mr. Wright, an officer of defendant, who agreed to send a new radio to the plaintiff, but failed to keep his promise.

John Kessler also states that Mr. Wright repeatedly agreed to replace the radio in question with a new one, but that, after paying $168 on account thereof and the new one was not delivered, the payments were discontinued, with the result that the machine was seized.

Mr. Wright denied that either Rodriguez or Kessler had ever requested him to send a new radio to replace the one purchased. He says that Kessler came to the office one day in response to several letters calling plaintiff's attention to the fact that her account was in arrears and attempted to compromise the balance of $72 for the sum of $50, but the offer was rejected. His testimony as to this offer is corroborated by John Kessler and, in a measure, by Rodriguez.

Defendant also offered the testimony of two brothers named Schroeder, who were employed by Werlein Company, which is engaged in the wholesale business of selling radios. They testified from the records of their office that the radio had been purchased from the Victor Talking Machine Company of Camden, N. J., and delivered in New Orleans on May 29, 1930; that it was new, had never been used as a demonstrator, and was sold and delivered to the defendant on June 5, 1930.

Other witnesses for the defendant state that the instrument was delivered to plaintiff's home on June 6, 1930, and that the contract was signed by the parties on June 7, 1930.

It is our opinion that the evidence clearly shows that the radio was a new one and not a demonstrator, and that Rodriguez was evidently mistaken in his identification of the machine that he had demonstrated in St. Bernard parish. Consequently, the plaintiff's attempt to have the court rescind the sale must fail. We are fortified in this view, not only by the evidence, but because of the fact that plaintiff made thirteen monthly payments on account of the radio subsequent to the time that she claims she had been apprised of its used condition. It is quite unlikely that she would have continued with the payments for so long a period of time after this alleged discovery and the defendant's alleged broken promise to deliver a new instrument.

Defendant also offered sufficient evidence to justify a charge of $3.75 for installing a condenser on the radio more than a year after it had been purchased. This item will also be allowed.

A plea of prescription of one year was filed by defendant in this court, but the disposition we have made of the matter makes it unnecessary to consider it.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be amended by reducing the sum awarded plaintiff from $300 to $132, with

legal interest thereon from judicial demand, until paid.

It is further ordered that that part of the judgment dismissing the reconventional demand be annulled, avoided, and reversed, and it is now ordered that there be judgment on the reconventional demand in favor of the Harry B. Loeb Piano Company, Inc., represented by Harry B. Loeb and Walter J. Wright, judicial liquidators of the said Harry B. Loeb Piano Company, Inc., in the full sum of $75.75, with 6 per cent. interest on $72 from June 7, 1930, until paid, and legal interest on $3.75 from judicial demand until paid, and $25 as attorney's fees, defendant to pay the costs of the lower court and plaintiff to pay the costs of appeal.

Judgment amended in part.

Judgment reversed in part.