## GRAHAM GLASS CO. v. NU GRAPE BOTTLING CO.

## SAME v. NU GRAPE BOTTLING CO., Inc. (LIQUID CARBONIC CO., Intervener).

Oct. 31, 1927. Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. Sales ⊛5—Contract, in form leasing machine for cash, plus 18 rental payments, with option then to purchase for $1, held sale.

A contract which, by its form, purported to lease a bottle filling machine for $900 on delivery, with $6,000 more to be paid in 18 monthly rental installments, with the option then to purchase the apparatus on the further payment of $1, *held* a sale.

2. Receivers ⊛135—Seller could not demand, as of right, that movables subject to lien be not sold by buyer's receiver at private sale in globo (Act No. 43 of 1924, §§ 1–3).

Because of Act No. 43 of 1924, §§ 1–3, the seller of movables could not demand, as a matter of right, that property subject to his lien be not sold at a private sale in globo by the receiver of the buying corporation.

O'Niell, C. J., dissenting from the refusal to grant a rehearing.

Appeal from Civil District Court, Parish of Orleans; William H. Byrnes, Jr., Judge.

Two separate actions by the Graham Glass Company against the Nu Grape Bottling Company, in the second of which the Liquid Carbonic Company intervened. From a judgment in the first action, dismissing its opposition to the provisional account filed by the receiver of the Nu Grape Bottling Company, the Liquid Carbonic Company appeals. From a judgment in the second action, ordering a private sale in globo of the physical assets of the Nu Grape Bottling Company, the Liquid Carbonic Company, as intervener, appeals, and cases are consolidated for appeal. Affirmed.

Dart & Dart and Leo L. Dubourg, all of New Orleans, for appellant Liquid Carbonic Co.

Weiss, Yarrut & Stich and Herbert W. Kaiser, all of New Orleans, for appellee receiver.

LAND, J. The above cases have been consolidated for trial in this court. In suit No. 27963, the Liquid Carbonic Company has appealed from a judgment of the Civil district court, dismissing its opposition to the provisional account filed by the receiver of the Nu Grape Bottling Company.

In suit No. 28251, the Liquid Carbonic Company, as intervener, has also appealed from a judgment ordering a private sale in globo of the physical assets and effects of defendant company, including a filling ma-

chine and syruper, and upon which intervener claims a vendor's lien and privilege for the balance of the purchase price, amounting to the sum of $2,500, with interest.

Neither the opposition of the Liquid Carbonic Company to the provisional account of the receiver, nor the evidence in support of same, appears in the record. No suggestion of diminution of record has been made. The appeal in suit No. 27963 presents nothing, therefore, to be reviewed by this court, in so far as the judgment complained of by the Liquid Carbonic Company in said suit is concerned.

In opposing the application of the receiver to make a private sale in globo in suit No. 28251, the Liquid Carbonic Company makes the contention that its contract with defendant company, of date March 31, 1924, with reference to the filling machine and syruper, evidences a contract of lease, and that the lease should be canceled and its property restored to intervener, for the breach of the contract by the defendant company, arising from its failure to pay the stipulated rental for the last 10 months.

Should it be held by the court, however, that said contract is a sale and not a lease, intervener in the alternative claims a vendor's lien and privilege upon the machinery included in the contract, and the right to a separate appraisement and sale at public auction.

The contract in this case purports to lease a filling machine and syruper to defendant, the Nu Grape Bottling Company, for a rental of $6,000. The sum of $900 is to be paid upon delivery of the machinery, and the balance as rental in 18 monthly installments. It is stipulated that, after the payment of the last installment, the Nu Grape Bottling Company is to have the option to purchase the apparatus upon the further payment of $1.

[1] In Grapico Bottling Works v. Liquid Carbonic Co., 163 La. 1057, 113 So. 454, it was held that a contract identical in terms with the one now before us, except as to amounts, was a sale and not a lease. We find no good reason for changing our former views as to the nature of the contract in question, and hold, therefore, that the contract in the present case is one of sale.

Prior to the passage of Act 43 of 1924, it was held in several cases that:

"The vendor of movables is entitled to have the property upon which his privilege rests, seized and sold forthwith, and the proceeds distributed immediately by the receiver in a provisional account filed by said receiver, in which the proceeds of the sale only will be distributed. Hudson & Sons v. Uncle Sam Planting & Mfg. Co. et al., 136 La. 1071, 68 So. 129." International Harvester Co. v. Union Irrigation Co., 150 La. 433, 90 So. 751.

It is to be noted that the decisions cited above hold that the vendor of movables has the right to have the property subject to his privilege sold *at public auction*, and the proceeds distributed immediately in a provisional account of the receiver, without awaiting the filing of the ordinary account by him in the usual course of administration of the receivership.

But the Legislature, since the date of these decisions, has expressly provided in section 1 of Act 43 of 1924 that:

When it appears to the receiver that it is to the advantage of the corporation that "a part or the whole of its assets be sold *at private sale*," the receiver "*may* file * * * a petition setting forth any special proposition previously made for the purchase *at private sale* of the said property; or a petition setting forth such a proposition as should be invited and accepted for the disposal of the property at *private sale*." (Italics ours.)

Section 2 of the act requires that a rule to show cause why the property should not be sold at private sale shall be issued and directed to the creditors of the corporation, who shall be summoned by a notice published during 10 days in the manner required by judicial notices.

It is provided in section 3 of the act that:

"Upon trial of the rule, whether there be opposition or not, the court shall require due proof of all the allegations of the petition, which may be necessary to establish the advisability of a private sale of the properties, and if *in the judgment of the court* the property should be sold *at private sale*, it shall fix such minimum prices and terms and conditions for the sale as it shall deem proper *and enter such further orders as may appear desirable to it.*" (Italics ours.)

[2] It is clear, therefore, that a vendor of movables can no longer demand, *as a matter of right*, that the property subject to his lien shall be sold *at public auction.*

The receiver in this case complied substantially with the provisions of Act 43 of 1924 in petitioning that the assets of defendant company, including the machinery sold to it by intervener, be sold at private sale to the Try-Me Beverage Company for the cash price of $8,000.

It is so ordered in the judgment rendered by the Civil district court, which contains also the provisions that:

"The machinery, fixtures, or other effects as to which interventions claiming the rights of rescission or possession, or vendors' liens, shall have been, or may hereafter be, filed herein, *be separately and specially appraised, and the amount of such appraisement held separately and apart, subject to the further orders of this court*, without prejudice to the rights either of the receiver to contest such claims, or of such creditors to assert their claims to said proceeds, by reason of vendors' liens or contractual rights of repossession, *said appraisements to be made prior to the delivery of said effects to said purchaser.*"

It is clear that the only matters finally decreed in said judgment are, viz. that the property upon which intervener claims a vendor's privilege should be sold at private sale, should be appraised separately before delivery to the purchaser, and the amount of the appraisement held separately.

We are not concerned at this time with any extraneous matters that may have occurred since the rendition of this judgment,

which, in our opinion, is correct as to the particular issues therein decided. Intervener's right to assert hereafter his claims to the proceeds of the private sale is fully reserved and protected in the judgment from which he has appealed.

Judgment affirmed.

O'NIELL, C. J., dissents from the refusal to grant a rehearing on the ground that the opinion maintains that Act 43 of 1924 abridges the right of a holder of a vendor's lien to demand a separate sale of the property affected by his lien.