Plaintiff brought this suit as assignee of an account against Glassell-Taylor Company originally in the amount of $962, upon which the unpaid balance was alleged to be $240.50. The account represented the amount of a subcontract, under the terms of which one S.A. Jacobson, operating as the Home Decorating Company, had agreed to perform for the general contractors, Glassell-Taylor Company, defendants herein, certain work in connection with the alteration and repair of school buildings located at Scott, Louisiana. The subcontractor's work on the job in question was to consist of the furnishing of labor and materials in connection with painting required under the plans and specifications for the job. Jacobson assigned his account against Glassell-Taylor Company to Great Southern Paint Company, which in turn made assignment to this plaintiff. It is admitted that Glassell-Taylor Company has paid $721.50 on the account.
It appears that difficulty was encountered in completion of the job due to insistence by the School Board of Lafayette Parish, for whom the work was being performed, upon certain additional painting. The question of compensation for the additional work was submitted to arbitration, and the Board of Arbitrators held that the same was not to be considered as extra work, but that since the general contractor had not "figured" the work, the School Board should pay the actual cost of labor and materials necessary to and used in the performance of the work.
After the work had been performed, Jacobson presented a bill to the School Board, which bill included a number of items in addition to the actual cost of labor and materials which had been stipulated by the Board of Arbitration. The School Board refused payment, whereupon Jacobson brought suit. The School Board countered this action by withholding from final payment under the contract to Glassell-Taylor Company an amount sufficient to cover the claim being asserted by Jacobson.
There is considerable conflict in the testimony as to the facts in the case, which conflict we do not find it necessary to discuss in detail. After trial, the Judge of the lower Court rendered judgment of nonsuit on plaintiff's demands.
Since the assignee occupies no more favorable position in this dispute than the original assignor, it was, of course, requisite that the claim be proved, and the burden of proof was upon plaintiff. We do not find that this burden has been sustained by a preponderance of the evidence. The record fails to establish that the amount of $240.50 claimed as the balance due on the original contract is unpaid and owing by the general contractor. It is to be assumed that upon resolution of the differences between Jacobson and the School Board there will be a final settlement on the contract, at which time Jacobson, or his assignee, will be entitled to payment of any balance due by the general contractors. Until there is a final determination of the rights of the respective parties there can be no adjudication upon the particular question presented *Page 840 
in this case. For these reasons, we feel that the judgment of the lower Court was correct, particularly since it did not reject plaintiff's demands and thereby preclude plaintiff from later establishing the claim, which has not been sufficiently established in this suit to merit judgment in favor of plaintiff.
Accordingly, the judgment appealed from is affirmed at appellant's cost.