McCALEB, Justice.
 

 Plaintiff is appealing from a judgment dismissing its suit on an exception of no cause of action. The suit is for recovery of $37,784.37, part of which ($18,900.04) is allegedly due by defendant as rent for the use of a Lima Combination Lifting Clam-shall and Dragline .and the balance $18,-884.33) for the cost of repairs rendered necessary by reason of damage sustained by the machine while it was in defendant’s possession. The claim is founded on three written contracts, executed on February 21, 1949 in Houston, Texas, whereunder defendant was given possession of the machine which was then and thereafter located in this State. Plaintiff acknowledges that the law of Louisiana governs the case- — the theory of its cause of action is that the agreements constitute a lease of the machine for an indefinite term at a monthly rental of $4,000, coupled with an option of purchasing it for $65,000 within an eighteen month period, 94% of the rental to be credited to the purchase price in the event the option is exercised.
 

 On the other hand, the contention advanced by defendant under its exception of no cause of action is ’that the agreements, when properly construed, unveil a condi-
 
 *•
 
 tional sales contract unenforceable, as such,, in this State.
 

 It thus appears that the sole issue-for decision is the proper interpretation of the contracts. If they evince a conditional' sale, the exception is admittedly
 
 [1]
 
 well founded as it is firmly imbedded in our jurisprudence that an agreement having characteristics common to both a sale and a. lease but wherein the grantee becomes liable for the price, although title is retained by the grantor, will not be recognized as. written but will be considered as a sale,, pure and simple. See State ex rel. Bulkley v. Whited & Wheless, 104 La. 125, 28 So. 922; Forsman v. Mace, 111 La. 28, 35 So. 372; Barber Asphalt & Paving Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193; Grapico Bottling Works v. Liquid Carbonic Co., .163 La. 1057, 113 So. 454; Graham Glass Co. v. Nu Grape Bottling Co., 164 La. 1103, 115 So. 285; Byrd v. Cooper, 166 La. 402, 117 So. 441; Thomas v. Philip Werlein Limited, 181 La. 104, 158 So. 635; Philip Werlein, Ltd. v. Sallis, 8 La.App. 61; Loeb Piano Co. v. Kessler, La.App., 140 So. 398.
 

 As aforesaid, the three contracts in the instant case were confected on the same day, February 21, 1949. The first of these purports to be a lease of the machine for a period of 18 months “more or less” in.con
 
 *249
 
 sideration of a monthly rental of $4,000.
 
 [2]
 
 This lease is on a printed form apparently used hy a concern named McCall Tractor & Equipment Co. in their business; it contains various and sundry provisions, set forth in 25 separate paragraphs, obviously drawn for the lessor’s protection but of no importance to the question here.
 

 The second agreement, which is also a form of contract employed by McCall Tractor & Equipment Co., is entitled “Privilege of Purchase Option”. It stipulates that it is part of t-he lease contract; that the lessee shall have the privilege of purchasing the equipment covered therein for the sum of $65,000 and that, if the machine is purchased within eighteen months, 94% of the monthly rental paid by lessee will be applied to the payment of the purchase price.
 

 The third contract, unlike the other two, is typewritten on one of the letterheads of plaintiff corporation. It recites that the parties have, on February 21, 1949, entered into an agreement for the “rental-purchase” of equipment described in the lease contract and that it is to form part of said lease; that it is to be effective on March 1, 1949 “on a basis of $4,000.00 rental per month, payable in advance on the first day of March, 1949, and the first day of each month thereafter until the full amount of $65,000.00 is paid”; that 94% of the rental paid is to apply “on the net purchase price of this equipment” and that plaintiff retains legal title to the machine until the entire purchase price thereof is paid at which time it will sign a bill of sale transferring ownership to the defendant. It further stipulates that all of the terms and conditions of the lease contract and purchase option are to be binding upon the parties except certain paragraphs of the lease, which is to begin on March 1, 1949 “and to continue on each consecutive month at the rate of $4,000.00 per month until the machine is paid for in full”.
 

 We have no hesitancy in approving the deduction of the district judge that the agreements evidence a sale and not a lease of the machine. A comparison of the provisions of the lease and purchase-option agreements with those of the contemporaneous typewritten letter contract attached thereto makes the conclusion inescapable that, whereas the parties would have it appear that a. genuine lease with an option to purchase was confected, they were, in truth, stipulating for the sale and purchase of the machine for a consideration of $'65,000 payable in monthly installments with interest discounted at the rate of 6% (94% of the monthly payments being attributable to the purchase price), and with retention of title by plaintiff. If, as plaintiff contends, a lease was intended and contracted by the parties the letter agreement served no purpose at all — for unquestionably the
 
 *251
 
 lease and pm chase option were complete as they contained all of the essentials of a binding rental contract coupled with an option to.purchase. Obviously, then, the parties were not satisfied that the lease and .option embodied their real understanding, so they simultaneously executed the letter contract exhibiting their intent that the machine be sold and purchased conditionally.
 

 And, that the letter contract is anything other than a conditional sale, cannot be successfully contended. In Barber Asphalt Paving Co. v. St. Louis Cypress Co., supra, it was said: “The distinguishing feature between such a contract (lease with option to purchase) and the one at bar (conditional sale) is that in the one case there is only an option to pay the price, whereas in the .other there is an obligation to pay it”. (Words in parenthesis ours.) [121 La. 152, 46 So. 199.]
 

 Indubitably, there was an unconditional promise on defendant’s part in the case at bar to pay the so-called rental of $4,000 per 'month “until such time as the entire purchase price of this machine has been paid
 
 *
 
 * * ”. Accordingly, a sale was per- . fected under our law by the execution of the agreement as there existed “an agreement for the object and for the price thereof, although the object has not yet .been delivered, nor the price paid.” Article 2456, Civil Code.
 

 Counsel for plaintiff argue at length that there was not an unconditional promise on the part of defendant and that, therefore, the contract must be regarded as a lease. But this postulation is predicated on the provisions of the printed lease and purchase-option contract which we have found do not evidence the true intent of the parties. Hence, the authorities cited in support of the argument are inapposite and it would be unfruitful to discuss them in detail.
 

 The judgment is affirmed.
 

 [1]
 

 . This concession was made
 
 by
 
 counsel for plaintiff during oral argument, it being manifest that, if a sale was effected, no liability for rent or damages under the lease contract would ensue.
 

 [2]
 

 . This so-called rental was reduced by verbal agreement of the parties to $3,300 per month on June 1, 1949.