.GLADNEY, Judge.
The Collector of Revenue for the State of Louisiana instituted a summary proceeding in accordance with the provisions of LSA-R.S. 47:1574 for the collection of use taxes, statutory penalties, interest and attorney’s fees allegedly due under LSA-R. S. 47:301 et seq. The petition prayed for the issuance of a rule nisi and for judgment for taxes with recognition of the statutory lien therefor. Attached to the petition was an affidavit as to the correct amount of the taxes, etc., claimed. At the request of plaintiff’s counsel, the trial court ordered the rule returnable on January 6, 1960, at 10:30 o’clock A.M. At the appointed time for the hearing the defendant appeared and filed several pleadings, including an answer denying liability and its counsel insisted upon immediate trial. The court minutes reflect there was no appearance on behalf of the Collector and the court proceeded to a trial upon the merits, following which judgment was pronounced and signed, rejecting the demands of plaintiff with the assessment of costs, hence this appeal.
The cause as presented to this court has been thoroughly briefed and argued. In the original brief counsel for appellant contends plaintiff had never had an opportunity to present its case, introduce evidence or ■cross-examine or rebut any defense of the defendant and poses for consideration by the court the following question:
“Can the District Court give a judgment other than that of nonsuit when, after the cause has been set down on the docket for trial, the plaintiff does not appear, either in person or by attorney to plead his cause on the day fixed for trial?”
Appellee in justification for its insistence upon the trial, argues in effect, that by reason of LSA-R.S. 47:1574(4) the mere filing of the petition and affidavit as to the correctness of the tax claim established a prima facie case in favor of the state and thrust upon the defendant the burden of showing anything to the contrary. It is further contended in effect, the evidence so presented to the court exposed fully the position taken by the Collector as well as the defense tendered, and presented simply a question of law to be decided upon undisputed facts, namely, shall the transaction represented by a written contract, referred to as a “lease purchase agreement” be considered as a lease with option to purchase, or a sales agreement in contemplation of the assessment of the tax under LSA-R.S. 47:301 et seq.?
The record as placed before the trial judge included in addition to the pleadings of appellant and affidavit as to the indebtedness of the defendant for the taxes sought to be collected, the following exhibits:
(1) A letter written by R. W. Riordan of the Audit Department of plaintiff, dated September 16, 1959, advising the defendant that it was their legal opinion that the equipment rented under defendant’s lease purchase agreement was subject to the use tax and the original tax assessment remained unchanged. A copy of the legal opinion was enclosed.
(2) The opinion referred to was written by an attorney for the Legal Division of the Department of Revenue and is captioned “Sales Use and Rental Tax, Lease Purchase Agreement F & H Equipment Company, Inc.”. The holding of the opinion is that the form of lease purchase agreement used by defendant “is not a conditional sale, but a lease with a categorical option to purchase”, and concludes with the expression that the taxpayer is liable for the use tax of LSA-R.S. 47:302A (2) and the rental tax of LSA-R.S. 47:302B.
(3) A printed form of the lease purchase agreement and a specimen of an actual contract executed by the defendant under the plan.
*634 In addition to the above evidence, Mrs. Marcie Hague, a witness for defendant, identified the correspondence with Mr. Riordan and testified the rental amount per month specified in the lease purchase agreement multiplied by the number of months denominated in the contract, gave a resulting sum exactly equal to the amount stated as the value of the subject equipment in paragraph five of the agreement. The actual contract as tendered in evidence corroborated fully this witness, who further testified that lessees or purchasers under the plan have always exercised this option and that they are able to do so by paying the purchase price minus any previously paid monthly rentals. Such contracts, she said, have always been regarded as sales between themselves and the purchasers and defendant had, in fact, paid appellant sales taxes on the transactions here involved.
The specimen of an executed “lease-purchase agreement” tendered in evidence discloses in paragraph one that “Lessor hereby leases and lets to lessee for the period of 12 months, from February 2, 1959, that certain equipment described as follows :
1 — Target Roll-O-Matic Masonry Saw Serial #1-0 SP 6-305-326.”
Paragraph five fixes the full value of the equipment at $543.53, which amount is almost exactly equivalent to the total of monthly rent for the period of the contract. Paragraph fifteen grants unto the lessee an option to purchase the described equipment at any time during the pendency of this lease upon payment of the same amount reflected in paragraph five as the value of the equipment and it is agreed that all rent shall be applied by lessor on the total purchase price of the equipment should lessee exercise the option so granted.
We have given careful consideration to appellant’s argument that the State is entitled to a nonsuit, which contention is predicated on Article 536 of the Code of Practice. Therein it is provided:
“If, after the cause has been set down on the docket for trial, the plaintiff does not appear, either in person or by attorney, to plead his cause, on the day fixed for trial, the defendant may require that judgment of non-suit be rendered against such plaintiff, with costs. * * * ”
It will be observed this article does not prohibit the trial judge from rendering a judgment upon the merits in favor of the defendant, and the court is not required to prejudice the position of the defendant in any manner by a judgment of nonsuit. If the defendant is able to establish a valid defense, he should obtain a final judgment in his favor. See 15 Louisiana Law Review, 190; Linman v. Riggins, 1888, 40 La.Ann. 76, 5 So. 49. Code of Practice Article 536 was undoubtedly intended to have application to ordinary proceedings and must be read in the light of the summary procedure invoked by the plaintiff in this case. The statute LSA-R.S. 47:1574(4) provides that if an affidavit accompany plaintiff’s pleadings averring the facts as alleged are true, all the facts alleged in said pleadings shall be accepted as prima facie true, and as constituting a prima facie case. In consequence of this provision it is difficult to conceive of any additional evidence which could have been tendered by plaintiff. Counsel for appellant, although complaining that he was not privileged to cross-examine the defendant’s witness, or to tender any further testimony, has not suggested he could have supplied any additional evidence. The legal opinion of counsel for the appellant with reference to the subject tax fully presents the position of the Collector and the record obviously contains all evidence essential to a resolution of the sole serious question here presented: Were the transactions of the defendant sales? Under these circumstances we hold plaintiff has not suffered any prejudice by *635 the failure of the trial judge to nonsuit plaintiff. On the other hand, due to the lien provisions of the tax statute, the defendant has been placed in a position where he can he prejudiced by further delays.
Ultimately to be decided either in this case or in any other suit which may be brought against defendant is the question of whether the transaction complained of herein is subject to the tax. It is shown by the record plaintiff has already paid in full a sales tax upon each of the transactions upon which plaintiff is now attempting to collect a use or rental tax. The type of contract involved herein corresponds substantially to the transaction considered in Lee Construction Company v. L. M. Ray Construction Corporation, 1951, 219 La. 246, 52 So.2d 841, 842. Therein a suit was brought by plaintiff for recovery of an amount due by the defendant as rent for the use of a dragline and a balance allegedly due for the cost of repairs rendered necessary by reason of damage sustained by the machinery while it was in defendant’s possession. Plaintiff’s cause of action was predicated on certain agreements which purported to constitute a lease for an indefinite term at a monthly rental, coupled with an option of purchasing it for a fixed amount within an eighteen month period. Ninety-four per cent of the rental paid would be credited to the purchase price in the event the option was exercised. The defendant filed an exception of no cause of action, contending that the several agreements were when properly construed a conditional sales contract unenforceable, as such, in this State. The court, after recognizing the firmly established rule in our jurisprudence, that an agreement having characteristics common to both a sale and a lease, but wherein the grantee becomes liable for the price, although title is retained by the grantor, will not be recognized as written but will be considered as a sale, pure and simple, proceeded to sustain the exception. It was noted that Article 2456 of the Civil Code, LSA provides: “An agreement for the object and for the price thereof, although the object' has not yet been delivered, nor the price paid” is sufficient to perfect a sale under our law. Justice McCaleb as the organ of the court commented that the conclusion was inescapable
“ * * * that, whereas the parties would have it appear that a genuine lease with an option to purchase was confected, they were, in truth, stipulating for the sale and purchase of the machine for a consideration of $65,000 payable in monthly installments with interest discounted at the rate of 6% (94% of the monthly payments being attributable to the purchase price), and with rentention of title by plaintiff. sfs iji * >1
It is pertinent that LSA-R.S. 47:301 (12) in defining the term and phrases used in the tax statute provides:
“ * * * A transaction whereby the possession of property is transferred, but the seller retains title as security for the payment of the price, shall be deemed a sale.”
From the foregoing expressions of our Supreme Court and the statutory enactments of this State we hold the particular type of transaction entered into by the defendant and upon which plaintiff has attempted to levy a use tax, must be considered as a sale rather than a lease or rental contract with an option to purchase. It is also our conclusion plaintiff suffered no prejudice by reason of the action of the trial judge in proceeding with the case for the record makes it clear that had counsel been present he could have made no material contribution to the transcript of evidence and appellant’s argument upon the appeal. The well defined issue presented to the trial court' and to this court was whether the transactions of the defendant constituted sales upon which it had already paid a sales tax. It is our conclusion that the transactions were, in fact, sales and the judgment accordingly should be affirmed, subject to an amendment relieving plaintiff *636 Irom the payment of costs as provided in LSA-R.S. 13:4521.
The judgment is amended by relieving appellant of such court costs as exempted under the above statute and as so amended, the judgment is affirmed.