BOLIN, Judge.
C. I. T. Corporation brought suit against • J. B. Lee Tractor and Implement Company and against Arvin Conner, a non-resident, seeking $14,877.12 representing the sum advanced on March 21, 1966, to defendant company as consideration for the latter’s assignment of its lease to Conner of certain heavy equipment. Concurrent with as *107 signment of the lease, and as security therefor, Lee Tractor Company also assigned all its right, title and interest in the equipment to plaintiff. In order to preserve the security, plaintiff sought and was granted a writ of sequestration of the property in the hands of the Lee Company. Commercial Credit Equipment Corporation intervened in the suit, alleging it had purchased the equipment from J. B. Lee Tractor Company on March 11, 1966, some ten days prior to the transaction upon which plaintiff’s claim is predicated, and had leased the same equipment to Conner.
Judgment was rendered recognizing C. I. T. as owner and dismissing Conner from the suit. From this judgment Commercial Credit Equipment Corporation appeals.
By stipulation of the parties the writ of sequestration was withdrawn and the property was delivered to Conner who agreed to pay monthly rentals into the registry of the court until the controversy between plaintiff and intervenor is resolved. Both companies unquestionably paid Lee Tractor Company the amounts alleged in their petitions. Further, it is not disputed that Lee signed Conner’s name to two of the leases without Conner’s authorization. Meanwhile, Lee has become bankrupt and is no longer a party to these proceedings.
There is no charge of bad faith as against either C. I. T. or Commercial Credit Equipment Corporation. Admitting the purported leases were not signed by Conner, but were forged, and, further, that Lee Tractor Company had wrongfully procured double financing for the machinery, we are then confronted with the problem of which of the two financing companies should prevail.
C. I. T. relies upon the assignment to it of all of Lee’s right, title and interest in and to the equipment described in the lease which was admittedly executed by Lee as security for the performance of the lease. In support of its position, which requires for success proof that J. B. Lee Tractor Company owned the chattels in question at the time of assignment and that the assignment was, in fact, a sale, C. I. T. attacks the validity, as a sale, of the transactions 'between Lee Tractor Company and Commercial Credit Equipment Corporation.
We deem important to the resolution of this conflict a recitation of the rather complicated dealings of the parties with regard to the property in question.
On March 10, 1966, pursuant to a previous agreement, Lee sent Conner a new Case Crawler and Hydraulic Dozer which was delivered to Conner in Texas by Raymond Shaw, an employee of Lee. Conner, who had expressed a desire that the lease and financing be handled by Commercial Credit Equipment Corporation, signed a Commercial Credit Equipment Corporation lease form evidencing his willingness to lease the equipment from that company for a certain amount payable over a three-year period. This lease, together with an invoice for the equipment, was then taken by Lee to Commercial Credit Equipment Corporation in New Orleans. Intervenor’s branch manager, Mr. Bonoil, testified that to best of his recollection Mr. Lee brought the lease and invoice to the New Orleans office of Commercial Credit Equipment Corporation on March 11, 1966. He further testified that on that date, as far as the identification of the equipment and! the price to be paid were concerned, the transaction was agreeable to his company. In addition, Bonoil stated that his company was satisfied .with Conner as lessee and evidenced this satisfaction by furnishing Lee with a new lease form to be submitted to Conner for his signature. When asked why the check for the purchase price was not issued immediately he replied that the Conner lease was on an outdated form and his company customarily issued checks for purchased equipment upon receipt of the properly executed lease form. Upon receipt of this completed form, dated March 17, 1966, and bearing what purported to be Conner’s signature, the check was issued to Lee on or about April 6, 1966.
*108 No written reasons were assigned by the lower court for its judgment. However, in view of the holding, the rationale of plaintiff’s case must have been the basis for the judgment. C. I. T. relied upon the document termed “An Assignment of Lease with Full Recourse” executed by Lee Tractor Company to C. I. T. on March 19, 1966, the same date of the lease from Lee to Conner which was likewise purportedly signed by Conner. Under its terms Lee Tractor assigned all of its rights in and under the lease to C. I. T. and, as security, all of its right, title and interest in and to the property involved. C. I. T. made no allegation in its petition that it acquired title to the equipment on March 17, 1966, by reason of the assignment. On the contrary, the ' petition declared the payments under the lease were past due ánd unpaid; that the entire balance of $14,877.12, with interest, costs and attorney’s fees, provided in said lease and assignment (of lease) was due and exigible and asked for a money judgment and that its right, title and interest to the- property described in the lease as security for payment of all rentals stipulated therein be recognized and enforced.
Mr. Thomas, Assistant Secretary of C. I. T. Corporation in New Orleans, testified his company “purchased the paper” from Lee and sent its check as payment for the assigned lease and that one payment had been received from Lee on the lease.
From the allegations, the, documentary evidence and the testimony of all the witnesses we conclude C. I. T. never intended to purchase nor Lee to sell the tractor on March 19, 1966. We further conclude that Commercial Credit Equipment Corporation fully intended to purchase and Lee intended to sell the tractor to the latter company on March 11, 1966. It is clear neither company intended to “take delivery” of the tractor for its own use, both companies being aware the equipment had been delivered to Conner prior to any of the transactions here involved. When Conner learned of the double financing he directed Lee Tractor Company to pick up the equipment. After the tractor and bulldozer were returned to Shreveport it was seized by plaintiff under its writ of sequestration.
Since C. I. T. acquired only the right, title and interest owned by Lee Tractor Company on March 19, 1966, it acquired nothing with regard to the equipment since Lee had sold and Commercial Credit Equipment Corporation had purchased it as of March 11, 1966. As stated in Castille v. Glassell-Taylor Co. (La.App. 2 Cir.1944) 18 So.2d 839:
“Since the assignee occupies no more favorable position in this dispute than the original assignor, it was, of course, requisite that the claim be proved, and the burden of proof was upon the plaintiff. * * * »
We conclude Commercial Credit Equipment Corporation purchased the heavy equipment in compliance with Article 2456 of the Revised Civil Code of Louisiana:
“The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.”
Even if the sale to Commercial Credit Equipment Corporation should be considered incomplete until April 6, 1966, the date payment to Lee was made, nevertheless, having decided C. I. T. did not acquire title to the tractor under the assignment, our decision remains the same.
For the reasons assigned the judgment of the lower court is annulled and set aside and judgment is rendered in favor of in-intervenor, Commercial Credit Equipment Corporation, and against C. I. T. Corporation, recognizing the former as owner of the following described property:
One Model 450, Fully Hydraulic Case Crawler, Serial Number 3031039, and One Fully Hydraulic Dozer, Serial Number 4116269.
*109 It is further ordered that this judgment is subject to all rights accorded under the “joint stipulation” made part of this record.
Costs are assessed against appellees, C. I.T. Corporation.
Reversed and rendered.
Rehearing denied.
GLADNEY, J., dissents from refusal to grant.