249 So.2d 224 (1971)
Rene A. PASTOREK
v.
LANIER SYSTEMS COMPANY and Equilease Corporation.
No. 4381.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1971.
*225 Gerald R. Cooper, of Normann & Normann, New Orleans, for appellant.
Rene A. Pastorek and Richard M. Troy, Jr., Gretna for plaintiff-appellee.
Clarence F. Favret, Jr., and F. Joseph Drolla, Jr., New Orleans, for defendant-appellant.
Before LEMMON, TAYLOR and STOULIG, JJ.
LEMMON, Judge.
Lanier Systems Company and Equilease Corporation appealed from a judgment rescinding the "sale" of an automatic copier machine to plaintiff and ordering a refund to plaintiff of money paid under the terms of the transaction.
*226 On June 28, 1968 a representative of Lanier called upon plaintiff, an attorney at law, and negotiated the sale of the reconditioned machine. Plaintiff agreed to purchase the equipment for $1,014.00 on an installment plan, and was told that upon a stipulated number of "rental" payments in the amount of $36.22 each, he could exercise an option to purchase the machine for an additional $1.00. At no time did plaintiff desire to lease the machine, since he was already leasing a competitive model and desired to own the equipment. However, he agreed to the arrangements and made an initial payment of $36.22 to Lanier's representative.
At the same time he signed a "lease contract", which described plaintiff as "lessee", Equilease as "lessor", and Lanier as "supplier" of the equipment. In due course plaintiff was mailed a copy of this contract, which was accepted by Equilease on July 11, 1968.
In the meantime plaintiff had been furnished with a demonstrator model for interim use until the purchased machine was delivered on July 9, 1968.
Immediately the machine began to give trouble. Plaintiff and his secretary testified that the machine was inoperable when delivered, that it would work only a day or two after each service call, that lightness or darkness of the copies couldn't be controlled, that the machine caused fuses to blow out, and generally that it did not function properly nor did it serve the purpose for which it was purchased.
Also maddened because Equilease informed him by a separate document that the option could be exercised upon payment of $104.64, rather than $1.00 as represented by Lanier, plaintiff called Lanier's manager to discuss cancellation of the contract. The manager, by letter dated July 16, 1968, notified plaintiff that Lanier could not cancel the lease, but that Lanier would (1) take the machine back and replace it with one of equivalent value, or (2) completely overhaul the machine in Lanier's shop, or (3) furnish a technician to spend his complete time in plaintiff's office until the machine was performing satisfactorily.
Plaintiff was disenchanted with the machine and instructed his employees to discontinue using it. He accordingly wrote to Lanier and Equilease, tendering the machine and demanding cancellation of the contract and return of the one installment payment. When no response was forthcoming, plaintiff instituted this suit.
After a trial on the merits, the district court held that the contract was in fact a sale and that the machine was subject to vices, not discoverable by simple inspection, which were not known to plaintiff and which rendered its use so inconvenient and imperfect that plaintiff would not have purchased the machine had he known of the vices. LSA-C.C. art. 2520. The judgment rescinded the transaction and ordered the return by Lanier and Equilease of the installment paid by plaintiff, who was also ordered to release the machine by delivery to either defendant at their cost. Equilease, who had filed a third party demand against Lanier, was also granted judgment over against Lanier for all sums due on the main demand.
The contract is obviously, as admitted in Equilease's answer, a financing arrangement, which is structured as a lease agreement with a separate option to purchase. While these parties have attempted to structure their relationships in particular ways, by designating roles through the use of legally charged language, we are bound to find the relationships as they exist and not simply as they have been described. Words will have import and can be binding only when they describe relationships which actually exist, but not when they are merely labels which are used to alter or disguise actual relationships. This does not conflict with, but actually supports, the principle that agreements legally entered into have the effect of law on those who form *227 them,[1] the question here being what agreements actually were entered into.
We conclude that Lanier sold the copier directly to Pastorek. Lanier negotiated with Pastorek and reached an agreement on price and object, upon which agreement the sale is considered to be perfect between the parties. LSA-C.C. art. 2456.
Additionally, Lanier installed both the demonstrator and the copier which was selected by plaintiff, accepted the payments when the agreement was made, and continued to service the machine. Furthermore, a representative of Lanier offered to take the machine and replace it with one of comparable value. While Lanier claims that title was in Equilease (the contract of sale from Lanier to Equilease was filed in evidence), Lanier has admitted that it had the power to take back the machine and to give the plaintiff another machine which obviously did not belong to Equilease. This indicates the transparency of the facade Lanier and Equilease have attempted to erect. Consideration of these circumstances surrounding the transaction supports the conclusion that Lanier was the seller of the equipment and plaintiff was the purchaser, Equilease being only an interposed financing party.
The verbal agreement reached between plaintiff and Lanier, although referred to as a lease with an option to purchase, should properly be classified as a sale with title having passed to plaintiff at its inception. The distinction between a valid lease with an option to purchase and a disguised conditional sale is that in the former, there is an option to give additional consideration in order to purchase the leased item at the end of the contract term, while in the latter, there is an obligation to pay the full price regardless of whether the option is exercised or not. Lee Construction Co. v. L. M. Ray Construction Corp., 219 La. 246, 52 So.2d 841 (1951). The agreement here is a disguised conditional sale, since upon completion of the lease term, a payment of only $1.00 is required to exercise the option. The purpose was obviously to retain title until payment of the purchase price. Such a contract has been properly held to still constitute a sale. Grapiaco Bottling Works v. Liquid Carbonic Company, 163 La. 1057, 113 So. 454 (1927); Graham Glass Co. v. Nu-Grape Bottling Co., 164 La. 1103, 115 So. 285 (1927).
Only after this transaction was complete was the machine "sold" to Equilease. The very nature of Equilease's role as financier demanded that object and price be negotiated between Lanier and plaintiff before Equilease could enter into the picture. The "lease agreement" itself supports this conclusion, since it requires Equilease to purchase the equipment from the supplier selected by plaintiff. However, since the machine had already been sold by Lanier to plaintiff, there could be no sale to Equilease, as Lanier no longer owned the equipment. In C. I. T. Corporation vs. J. B. Lee Tractor & Implement Company, 204 So. 2d 106 (La.App. 2 Cir. 1967), writs refused, 251 La. 736, 206 So.2d 91 (1968), a party attempted to assign a lease of an object which had previously been sold, and the court held that there was nothing for the assignee to receive, considering the previous sale of the object.
The most that Equilease can be is an assignee for payment or a financing agent, and as such would certainly have no greater rights than Lanier would in relation to plaintiff.
Since Lanier is the seller and plaintiff is the buyer, the codal articles on redhibition are applicable. After a review of the record, we find sufficient factual evidence to convince us that the trial judge did not commit manifest error in concluding that plaintiff was entitled to redhibition.
*228 Accordingly, the judgment of the district court is affirmed, with all costs to be borne by Lanier Systems Company.
Affirmed.
NOTES
[1] LSA-C.C. art. 1901.