556 So.2d 100 (1990)
EASY T.V. & APPLIANCE RENTAL OF LOUISIANA, INC.
v.
SECRETARY OF DEPARTMENT OF REVENUE AND TAXATION.
No. 89-CA-0754.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1990.
Rehearing Denied February 21, 1990.
Writ Denied April 20, 1990.
Cameron C. Gamble, New Orleans, for plaintiff-appellee Easy T.V. & Appliance, et al.
James C. Russell, Jr., Baton Rouge, for defendant-appellant Department of Revenue and Taxation State of La.
Before KLEES, WARD and ARMSTRONG, JJ.
KLEES, Judge.
This is an appeal by the Department of Revenue and Taxation of the State of Louisiana *101 ("DRT") from an adverse decision by the trial court regarding taxes assessed on certain transactions involving the plaintiff, Easy T.V. and Appliance ("Easy"). We affirm.
Easy T.V. and Appliance is a business engaged in the transfer of certain items of tangible personal property by way of "rent-to-own" agreements. These transactions operate as follows: Easy transfers possession of the item to the customer upon execution of a document styled "lease-purchase agreement." In that agreement the customer agrees to pay a certain number of "rental" payments to Easy. After all payments are satisfied, Easy is required to transfer title to the customer. The customer may discontinue the payments at any time simply by returning the item to Easy.
Part of Easy's inventory is purchased out-of-state and part is purchased in Louisiana. On its state tax returns, Easy claimed an advance tax credit under La. R.S. 47:306 for taxes paid to Louisiana wholesalers. The DRT assessed a use tax on the inventory purchased out-of-state and disallowed the tax credit for inventory obtained within the state. The DRT regarded the above-described "rent-to-own" transaction as a rental agreement with an option to purchase rather than a sale. In addition, Easy was assessed a sales tax on repair services performed on equipment which was in the possession of its customers.
Easy appealed these assessments to the Board of Tax Appeals, which ruled in favor of the DRT. Easy then appealed the ruling of the BTA in Civil District Court for the Parish of Orleans. That court ruled in favor of Easy on the use of tax and advance tax credit and remanded to the BTA to determine whether the sales tax on the repair services had been paid. DRT has appealed the decision of the trial court.
The three questions presented on appeal are: 1) whether Easy should be assessed a use tax on its inventory purchased out-of-state; 2) whether Easy should be allowed an advance tax credit for taxes paid to Louisiana wholesalers on the purchase of inventory within the state; and 3) whether repair services performed on the items after possession has been transferred to Easy's customers are properly taxable. The answer to all three of these questions hinges upon whether we classify the lease-purchase transactions between Easy and its customers as sales or rental agreements.
DRT contends that the lease-purchase agreement is a rental or lease agreement, and that Easy purchases its inventory for "use" as rental property and as such is subject to a use tax under La.R.S. 47:302[1] and not subject to the advance tax credit granted to "dealers" in La.R.S. 47:306 B.[2] Easy contends that the inventory is purchased for resale and is therefore not subject to a use tax. Easy further *102 contends that it is a dealer purchasing for resale[3] and therefore entitled to the tax credit in La.R.S. 47:306 B.
The general purpose of the Louisiana tax statute is to impose the sales/use tax upon the transaction by which the ultimate consumer receives the particular item. Traigle v. PPG Industries, Inc., 332 So.2d 777 (La. 1976). Therefore, if an item is purchased for resale by a dealer, then no tax is owed under La.R.S. 47:302. In the aforementioned rent-to-own transaction, it is generally the intent of both parties that ownership will be transferred. Easy does not intend to have the item returned for re-rental. Easy intends to transfer title to the first customer who can meet all payments. The purpose of this type of arrangement is obviously to retain title until full payment of purchase price has been made. This type of transaction is very similar to a conditional sale at common law. Such contracts have often been held to constitute sales. See Pastorek v. Lanier Systems Company, 249 So.2d 224 (La.App. 4th Cir.1971); Howard Trucking Company, Inc. v. Stassi, 485 So.2d 915 (La.1986). However, in the case at bar, the customer has the right to discontinue his payments by returning the item to Easy.
La.R.S. 47:301 provides in part as follows:
(10) "Retail sale," or "sale at retail," means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales....
(12) "Sale" means any transfer of title or possession, or both, exchange, barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale. (Italics ours).
Whether or not conditional sales are recognized in Louisiana, it is clear that the legislature intended to include this type of transaction within the definition of "sales" and "retail sales" for tax purposes. We find that the rent-to-own transactions entered into between Easy and its customers are "sales" under the tax statute of Louisiana. As a result, we find that Easy is a retail sales dealer and is not liable for "use" taxes under La.R.S. 47:302. Further, Easy is entitled to the advance tax credit granted to such dealers in La.R.S. 47:306 B.
Finally, we must consider whether the repair services performed by Easy are subject to sales tax under La.R.S. 47:302 C, which levies a tax on the sales of services including "the furnishing of repairs to tangible personal property." La.R.S. 47:301(14)(g). Taxes may not be assessed for repairs performed by Easy on its own merchandise since it would be furnishing repairs to itself. However, we have determined that the rent-to-own agreement is a sale for tax purposes so that Easy is in effect furnishing repairs to its customers' goods [since a sale transfers title for tax purposes]. Consequently, a sales tax may be levied on those repairs under La.R.S. 47:302 C.
*103 Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 47:302 provides in part:

A. There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein....
[2] La.R.S. 47:306 B provides in part:

(2) The amount paid by dealers to manufacturers, wholesalers, jobbers or suppliers shall be advance payment of the Louisiana sales tax which the dealer is required to collect upon the sale at retail, and the advance payment is required only as a means of facilitating collection of the sales tax.
Manufacturers, wholesalers, jobbers and suppliers who collect advance sales tax from their purchasers pursuant to the preceding provision shall remit the tax to the collector of the revenue in the manner provided hereinabove for dealers and in accordance with the rule and regulations prescribed by the collector.
(3) In making their returns to the collector, dealers who have paid advance sales tax shall deduct from the total tax collected by them upon the retail sale of the commodity the amount of tax paid by them to manufacturers, wholesalers, jobbers and suppliers during the period reported, provided tax paid invoices evidencing the payment are retained by the dealer claiming the refund or credit. If the amount so paid during any reporting period amounts to more than the tax collected by him for the period reported, the excess so paid shall be allowed as refund or credit against the tax collected by the dealer during the succeeding period or periods.
[3] "Dealer" is ... defined to mean:

(a) every person, who imports, or causes to be imported, tangible personal property from any state or foreign country for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in this state....
(b) every person who sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in this state, tangible personal property as defined herein.